## Ex Parte George W. Felker

No. 31,767. May 18, 1960
Appellant's Motion for Rehearing Overruled June 22, 1960

*Glenn Polk,* Dallas, for appellant.

*Henry Wade,* Criminal District Attorney, *Sam S. Stollen-werck* and *Phil Burleson,* Assistants District Attorney, Dallas, and *Leon Douglas,* State's Attorney, Austin, for the state.

MORRISON, Presiding Judge.

This is an appeal from an order of the Criminal District Court No. 3 of Dallas County remanding relator to the custody of the sheriff of said county for delivery to an agent for the State of California.

The state introduced the Executive Warrant of the Governor of Texas and rested. Appellant called the agent of the State of California, who testified that he did not know appellant and could not identify him. There is no evidence as to the date the offenses were alleged to have been committed in California, and no evidence that appellant was not in California at such time except as may be shown by the following question propounded by appellant's counsel and appellant's answer:

"Q. Now Mr. Felker, there are certain offenses alleged to have been committed in California, with reference to passing some checks, for insufficient funds, on or about January 26 to January 28, 1957, in the State of California, Pasadena, at certain stores or institutions there, and *I'll ask you with reference to whether or not you*

*were in Pasadena, California, on or about the 26th day and the 28th day of January, 1957?*

"A. *I couldn't name the day but to the best of my recollection I had left California prior to that date, and would have been in Texas at that time.*"

Appellant testified that he had lived in California. Reliance is had upon Ex parte Ryan, 168 Tex. Cr. Rep. 351, 327 S.W. 2d 596. Ryan denied that he was the person named in the extradition warrant. This appellant did not do so. Ryan denied that he ever had been in the State of Oklahoma in his life or that he was in such state on the day alleged in the warrant. Appellant admitted that he had lived in California and gave the unaffirmative answer set forth above. We have concluded that such an answer was not sufficiently definite or certain to overturn the presumption which arises from the Executive Warrant.

Appellant next complains that he was not furnished with a complete set of the papers supporting the demand. The record before us reflects that when a request was made the prosecutor handed the same to defense counsel. In Ex parte Moore, 158 Tex. Cr. Rep. 407, 256 S.W. 2d 103, we held that such identical procedure met the requirements of Section 3 of Article 1008a, V.A.C.C.P.

Appellant did not introduce the supporting papers and therefore cannot be heard to complain of their regularity. Ex parte Haynes, 98 Tex. Cr. Rep. 609, 267 S.W. 490.

Finding no reversible error, the judgment of the trial court is affirmed.