**Ex parte Erna Rene ROBBINS.**

No. 59876.

Court of Criminal Appeals of Texas, Panel No. 2.

Dec. 13, 1978.

Rehearing En Banc Denied Jan. 17, 1979.

Jimmy Phillips, Jr., Angleton, for appellant.

Carol S. Vance, Dist. Atty. and Calvin A. Hartmann, Asst. Dist. Atty., Houston, for the State.

Before ODOM, PHILLIPS and DALLY, JJ.

OPINION

DALLY, Judge.

This is an appeal from a habeas corpus proceeding in which the appellant was remanded to custody for extradition to the State of New Mexico.

The Governor's Warrant which was admitted in evidence recites that the appellant " . . . stands convicted of the crimes of possession of burglary tools and burglary before the proper authorities by judgment, order granting probation and bench warrant and thereafter violated the terms of her probation and that said fugitive has taken refuge in the State of Texas . . ." The appellant offered and the court admitted in evidence the papers supporting the Governor's Warrant.

■ Although a prima facie case may be established by the introduction of the Governor's Warrant regular on its face, such prima facie case may be defeated by the supporting papers regardless of which party may have introduced the supporting papers. *Ex parte Brown,* 450 S.W.2d 647 (Tex.Cr. App.1970); *Ex parte Wilson,* 437 S.W.2d 569 (Tex.Cr.App.1968).

The appellant complains that the trial court erred in remanding the appellant for delivery to the representatives of the demanding state for extradition because the extradition demand was not accompanied by a copy of a judgment of conviction or the sentence imposed in execution of a judgment as required by Art. 51.13, Sec. 3, V.A.C.C.P.

Art. 51.13, Sec. 3, V.A.C.C.P., reads:

"*No demand for the extradition of a person charged with crime in another State shall be recognized by the Governor unless in writing, alleging,* except in cases arising under Section 6, *that the accused was present in the demanding State at the time of the commission of the alleged crime, and that thereafter he fled from the State, and accompanied by a copy of an indictment found or by information supported by affidavit in the State having jurisdiction of the crime, or by a copy of an affidavit before a magistrate there, together with a copy of any warrant which issued thereupon; or by a copy of a judgment of conviction or of a sentence imposed in execution thereof,* together with a statement by the Executive Authority of the demanding State that the person claimed has escaped from confinement or has broken the terms of his bail, probation or parole. *The indictment, information, or affidavit made before the magistrate must substantially charge the person demanded with having committed a crime under the law of that State; and the copy of indictment, information, affidavit, judgment of conviction or sentence must be authenticated by the Executive Authority making the demand;* provided, however, that all such copies of the aforesaid instruments shall be in duplicate, one complete set of such instruments to be delivered to the defendant or his attorney." (Emphasis added.)

The papers of the demanding State which purport to support the Governor's Warrant do not contain a copy of an indictment, information supported by affidavit, an affidavit made before a magistrate together with a warrant issued thereon, a judgment, or a sentence imposed in execution of a judgment. This Court has held that a copy of an indictment which was with the supporting papers without a judgment or sentence sufficiently complied with Art. 51.13, Sec. 3, V.A.C.C.P. even though the fugitive had already been convicted. *Ex parte Goins,* 515 S.W.2d 918 (Tex.Cr.App.1974). See also *Ex parte Gray,* 426 S.W.2d 241 (Tex.Cr.App.1968). It appears we have not been presented with the same facts as we are presented in this appeal. In *Blasi v. State,* 192 So.2d 307 (Fla.App.1966) an order remanding the fugitive for extradition was reversed when the demanding papers did not contain a copy of the judgment of con-

viction or a sentence imposed in execution of the judgment even though the papers did recite that the fugitive had been charged with, pled guilty to, and been convicted of a certain crime, and had been placed on probation. Cf. *Ex parte Wheeler,* 528 S.W.2d 229 (Tex.Cr.App.1975); *Byers v. Leach,* 187 Colo. 312, 530 P.2d 1276 (1975).

Included in the papers in the instant case are a petition to revoke probation and an order to issue a bench warrant for appellant. The order to issue a bench warrant recites that the appellant was granted probation and that a hearing should be held to determine whether the appellant had violated the terms of her probation. Although the Governor's Warrant recites that a judgment of conviction and an order granting probation are included we do not find them in any of the supporting papers. Since a copy of none of the instruments enumerated in Art. 51.13, Sec. 3, V.A.C.C.P., that should accompany the demand for extradition are included in the papers in this case the requirements of that article were not met. Therefore, the demand for extradition should not have been recognized and extradition should not have been authorized until the required instruments were furnished by the demanding state.

The judgment is reversed and the cause is remanded.