**Ex parte Leroy MOORE, Appellant.**

**No. 60174.**

Court of Criminal Appeals of Texas, Panel No. 3.

Feb. 21, 1979.

Rehearing En Banc Denied May 2, 1979.

Before DALLY, W. C. DAVIS and CLINTON, JJ.

---

1. See *Wages v. State,* Tex.Cr.App., 573 S.W.2d 804.

## OPINION

CLINTON, Judge.

This is an appeal from an order of the trial court, following a habeas corpus hearing on November 7, 1975, remanding appellant to custody for extradition to the State of Florida. Appellant's only ground of error on appeal is that he was not allowed to challenge the probable cause for the arrest warrant issued in the State of Florida.

At the habeas corpus hearing the State began with testimony from Barbara Williams, a deputy sheriff for Tarrant County who handles extradition matters. Through her testimony the State introduced a Governor's warrant from the State of Texas which had been served upon appellant. The regularity of that warrant is not challenged in this appeal.

The State then called Amy Harmon, an investigator for the Ninth Judicial Circuit State Attorney's Office of Florida. Her testimony showed that she had been involved in the investigation of a "cocaine transaction" in which appellant was implicated in Orlando, Florida, on the evening of April 4, 1978. She identified appellant as the same Leroy Moore wanted for arrest in that State. The witness further testified that as a result of the investigation an indictment was issued in Florida naming appellant as the defendant. As a result of the indictment the Florida arrest warrant was issued, and the investigator proceeded "to have that warrant in that indictment entered into the process of extradition."

Appellant's attorney was then allowed over objection to cross-examine the investigator concerning the sufficiency of the probable cause for the arrest warrant issued in the State of Florida. The testimony showed that a paid informant had told Florida investigators that appellant would be involved in a cocaine transaction on the evening of April 4, 1978, and that he would arrive at the Orlando airport the afternoon of that same date. Investigator Harmon went to the airport and saw appellant arrive at the time the informant had stated.

An electronic monitoring device was attached to the confidential informant who met with several persons the evening of April 4, 1978. The conversation recorded revealed a selling of three ounces of cocaine to appellant and one other person for $3500. At that point the trial judge ended the cross-examination and found that probable cause had been shown for the arrest warrant issued in the State of Florida.

It is apparently appellant's position on appeal that he was not allowed sufficient latitude in cross-examining investigator Harmon on the issue of probable cause to arrest in the requesting state. We are faced with the threshold question of whether a defendant in an extradition hearing has a right to inquire at all into the probable cause for arrest in the requesting state when a Governor's warrant which is regular on its face has been introduced into evidence at the extradition hearing.

Extradition proceedings are governed by Article 51.13, Vernon's Ann.C.C.P., and issuance of the Governor's warrant is described in Section 7 of that Article. We note that the Governor's warrant and supporting papers are not included as part of the record in this appeal. The statement of facts indicates that such a warrant was introduced through the testimony of Deputy Williams. Investigator Harmon's testimony on direct indicated that the Governor's warrant was based on an indictment and search warrant from Florida. We will assume those facts to be true since neither is challenged in this appeal and none of the documents were included by appellant in the record before us.

This precise question was addressed by the United States Supreme Court in its recent decision in *Michigan v. Doran*, —— U.S. ——, 99 S.Ct. 530, 58 L.Ed.2d 521 (1978). In that case the defendant petitioned for writ of habeas corpus attacking the validity of a governor's extradition warrant issued pursuant to the Uniform Criminal Extradition Act as adopted by the State

of Michigan.[1] The Michigan Supreme Court reversed the denial of the requested habeas corpus relief on a finding that the requesting State, Arizona, failed to show a factual basis for its determination of probable cause to arrest. The documents from Arizona supporting the Michigan Governor's warrant stated specifically that there had been a judicial finding of "reasonable cause" for arrest. However, the Michigan Supreme Court held that the documents were based on "conclusory language" and the supporting affidavits failed "to set out facts which could justify a Fourth Amendment finding of probable cause." The United States Supreme Court reversed and held that "once the governor of the asylum state has acted on a requisition for extradition based on the demanding state's judicial determination that probable cause existed, no further judicial inquiry may be had on that issue in the asylum state." 99 S.Ct. at 536.

As can be seen by the above language, the precise holding of the case is that the right to a probable cause inquiry in the asylum state is foreclosed when the Governor's warrant is based on a "judicial determination" in the requesting state that probable cause for the arrest exists. "[W]hen a neutral judicial officer of the demanding state has determined that probable cause exists, the courts of the asylum state are without power to review the determination." 99 S.Ct. at 536. A statement in the supporting papers from the requesting state that such a judicial determination has been made is apparently sufficient to satisfy that test. It therefore follows that a defendant's right to challenge probable cause in the requesting state only arises if the documents supporting the Governor's warrant are insufficient to establish that a judicial determination of probable cause has been made in the requesting state.

Appellant cannot contend that the supporting documents for the Governor's warrant in this case fail to show a judicial determination of probable cause in the State of Florida because the documents were not made a part of the record in this appeal.[2] Further, even if the documents failed to show that a probable cause determination had been made, appellant was allowed extensive cross-examination of Investigator Harmon which clearly established that probable cause existed for appellant's arrest.

For these reasons the judgment below is affirmed.

---

1. Texas has also adopted the Uniform Criminal Extradition Act in the form of Article 51.13, Vernon's Ann.C.C.P.

2. Appellant's counsel did have Deputy Williams read into the record the application for requisition made by the affected state attorney in Florida which states, in part, that Leroy Moore was charged with the crime of posses-

sion of cocaine "as is shown by a certified copy of the affidavit and warrant made before and issued by a magistrate or an indictment duly found by a grand jury attached hereto . ."
When extradition is sought on the basis of an indictment that the grand jury found probable cause is presumed, *Ex parte Manzella*, 452 S.W.2d 913 (Tex.Cr.App.1970).