**Ex parte Clyde CAIN.**

**No. 61563.**

Court of Criminal Appeals of Texas, En Banc.

Jan. 23, 1980.

---

360

William R. Magnussen, Fort Worth, for appellant.

Robert Huttash, State's Atty. and Alfred W. Walker, Asst. State's Atty., Austin, for the State.

## OPINION ON STATE'S MOTION FOR REHEARING

ONION, Presiding Judge.

Our prior opinion is withdrawn and the following is substituted in lieu thereof.

This appeal is from an order entered in a habeas corpus proceeding remanding appellant to custody for extradition to answer the charges of murder. On original submission a panel opinion reversed the judgment below and granted the relief holding that extradition was unauthorized under the facts of the instant case.

On State's motion for rehearing, we have agreed to take another look at the circumstances of this case. On November 28, 1978, appellant filed an application for writ of habeas corpus simply alleging he was "illegally restrained of his liberty." On February 26, 1978, a hearing was conducted on appellant's application.

The record reflects that the sheriff's office received the packet containing the Texas Governor's Warrant and certain other papers. At the hearing the prosecutor announced he had unstapled the packet. He then introduced the Governor's Warrant, regular on its face, and the certificate of the Secretary of State which certified that attached to the certificate were the true and original extradition papers filed with him and the executive warrant issued by the Governor. No papers were attached to this certificate when it was admitted into evidence. The State then rested.

The appellant then entered into evidence a certificate from the Clerk of the 24th Judicial District Court of Louisiana, attesting that the accompanying documents were true and correct copies of an indictment, warrant of arrest, and affidavit. No documents accompanied this certificate when it was introduced into evidence. Next, appellant entered into evidence a six page application for an arrest warrant from Louisiana.

The State then offered "the remaining three pages of the supporting papers." These appear to include another affidavit, a set of fingerprints from the sheriff's office of Jefferson Parish, Louisiana and the requisition of the Governor of Louisiana. After examining the exhibit, the court overruled appellant's objection that papers were not certified. The record then reflects:

"THE COURT: I will overrule the objection and admit the remainder of the papers.

(Remainder of papers
(having not been marked,
(were received in
(evidence.)"

Although the certification of the Clerk of Louisiana's 204th District Court and the Texas Governor's Warrant both mention an indictment and an arrest warrant, such instruments were not in the record before us on original submission.

After the panel opinion granting relief, the trial court issued a certification that the indictment and arrest warrant were an integral part of the supporting papers and were presented to the court at the habeas hearing as a portion of the exhibits referred to as "the remainder of the papers" which was unmarked for identification.[1] Attached to the certification is a copy of the indictment and arrest warrant. The certificate, the indictment and arrest warrant have been filed with this court.[2]

Now with this background, we turn to complaints of the appellant. Initially, appellant contends "[t]here was insufficient evidence to find probable cause for the issuance of the warrant of arrest from the State of Louisiana requesting the extradi-

---

1. It is difficult to understand why, if the assistant district attorney did not have the exhibits marked for identification, the court reporter did not mark the same for identification rather than leaving the same unmarked.

2. In its motion for leave to file a motion for rehearing, the State has attached to its motion a certified copy of the Governor's Warrant, and the supporting papers in this matter, which include the indictment and the arrest warrant. We are asked to take judicial notice of the extradition papers on file with the Secretary of State. In view of our disposition of this case, we need not answer the judicial notice question.

tion of appellant from the State of Texas to the State of Louisiana." [3]

In his argument set forth in his brief, appellant calls attention for the first time to certain facts in the Louisiana application for an arrest warrant and contends the six page instrument which he introduced into evidence does not show probable cause and that there is no other showing of another basis for probable cause. He concedes the record reflects an indictment was returned in Louisiana,[4] but notes the failure of the State to introduce a copy of the indictment at the habeas hearing.

■ After the Governor's Warrant, regular on its face, is placed in evidence, the burden is on the petitioner to overcome prima facie proof of the existence of every fact which the Governor was obliged to determine before issuing an extradition warrant. *Ex parte Kronhaus*, 410 S.W.2d 442 (Tex.Cr.App.1967); *Ex parte Clubb*, 447 S.W.2d 185 (Tex.Cr.App.1969); *Ex parte Brown*, 450 S.W.2d 647 (Tex.Cr.App.1970); *Ex parte Manzella*, 452 S.W.2d 913 (Tex.Cr. App.1970); *Ex parte Gideon*, 493 S.W.2d 156 (Tex.Cr.App.1973); *Ex parte Bunch*, 519 S.W.2d 653 (Tex.Cr.App.1975).

Thus, after the prima facie case for extradition is made out by the introduction of the Governor's Warrant, regular on its face, the burden then is on the accused to show that the warrant was not legally issued, *Ex parte Evans*, 411 S.W.2d 367 (Tex.Cr.App. 1967), that it was not based on proper authority, or that its recitals are inaccurate. *Ex parte Stehling*, 481 S.W.2d 431 (Tex.Cr. App.1972); *Ex parte Reagan*, 549 S.W.2d 204 (Tex.Cr.App.1977).

■ Under such rule, the State is not bound to offer all or any part of the supporting papers, although it may do so. *Ex parte Kronhaus*, supra, and cases there cited.

Under Article 51.13, § 3, V.A.C. C.P., a defendant or his attorney is entitled to duplicate copies of the papers supporting extradition. A failure to furnish such papers upon request is reversible error. *Ex parte Kronhaus*, supra, and cases there cited. And this court has held that the accused opposing extradition may offer into evidence supporting papers accompanying the warrant of the Texas Governor and challenge their sufficiency in order to show that the warrant was not legally issued. *Ex parte Tucker*, 168 Tex.Cr.R. 286, 324 S.W.2d 853 (1959); *Ex parte Goodwin*, 384 S.W.2d 874 (Tex.Cr.App.1964); *Ex parte Kronhaus*, supra. However, the accused cannot complain about the regularity of the supporting papers which have not been offered. *Ex parte Felker*, 169 Tex.Cr.R. 607, 336 S.W.2d 161 (1960); *Ex parte Kronhaus*, supra.

■ A prima facie case can be defeated or supported by the supporting papers introduced, regardless of which party may have offered the supporting papers into evidence. *Ex parte Lancaster*, 501 S.W.2d 904 (Tex.Cr.App.1973); *Ex parte Brown*, 450 S.W.2d 647 (Tex.Cr.App.1970). We cannot conclude that any of the supporting papers introduced in the instant case served to defeat the prima facie case established by the Governor's Warrant.

■ In connection with appellant's contention, we observe that if the indictment is properly in the record then it is presumed that the grand jury found probable cause when it returned the indictment. *Giordenello v. United States*, 357 U.S. 480, 78 S.Ct. 1245, 2 L.Ed.2d 1503 (1958); *Ex parte Manzella*, supra. If the indictment is not properly in the record, then the appellant cannot complain about its regularity because he did not get it into the record. *Ex parte Felker*, supra. Appellant appears to have introduced an application for an arrest warrant and then sought to show it

---

**3.** At the habeas hearing the appellant did not urge this contention on the trial court. ·

**4.** If the certificate of the trial court and the exhibits attached can be considered, it shows

the Louisiana indictment was returned October 13, 1978, long subsequent to application for arrest warrant and the arrest warrant, both dated November 17, 1977.

did not reflect probable cause, and sought to bolster his contention by calling attention to the State's failure to introduce the indictment when it was not the State's burden to do so.

More important than anything said above about appellant's contention are some recent developments in the field of extradition law. In *Michigan v. Doran*, 439 U.S. 282, 99 S.Ct. 530, 58 L.Ed.2d 521 (1978), the United States Supreme Court held that when "the governor of the asylum state has acted on a requisition for extradition based on the demanding state's judicial determination that probable cause existed, no further judicial inquiry may be had on that issue in the asylum state." 99 S.Ct. at 536.

In *Ex parte Moore*, 579 S.W.2d 475 (Tex. Cr.App.1979), the petitioner contended in a habeas corpus extradition proceeding that he was not given sufficient latitude in cross-examining a witness on the issue of probable cause for arrest in the demanding state. The court considered the question as to whether an accused in an extradition hearing has a right to inquire *at all* into the probable cause for arrest in the demanding state when a Governor's Warrant, which is regular on its face, has been introduced into evidence at the extradition hearing.

The court in *Moore* noted the holding in *Doran,* above, and quoting in part from *Doran,* stated:

" '[W]hen a neutral judicial officer of the demanding state has determined that probable cause exists, the courts of the asylum state are without power to review the determination.' 99 S.Ct. 536. A statement in the supporting papers from the requesting state that such a judicial determination has been made is apparently sufficient to satisfy the test. It therefore follows that a defendant's right to challenge probable cause in the requesting state only arises if the documents supporting the Governor's warrant are insufficient to establish that a judicial determination of probable cause has been made in the requesting state."

Nothing said in *Moore* changed the burden cast upon the accused after the introduction of the Governor's Warrant, regular on its face. The accused cannot properly raise in the asylum state the issue of probable cause for the issuance of an arrest warrant in the demanding state after the Governor of the asylum state has acted upon the requisition for extradition based on the demanding state's judicial determination that probable cause existed. The determination of probable cause is best left to the courts of the demanding state. See *Michigan v. Doran,* supra; *Ex parte Armes,* 582 S.W.2d 434 (Tex.Cr.App.1979). An accused's only recourse in challenging probable cause in the demanding state arises if the documents supporting the Governor's Warrant are insufficient to establish that a judicial determination of probable cause has been made in the demanding state. To avail himself of this challenge, it is incumbent upon the accused to establish that *all* the papers supporting the Governor's Warrant have been introduced. He cannot introduce only a portion of such papers and rely on them to support his claim, and he cannot shift the burden to the State.

In *Ex parte Robbins,* 575 S.W.2d 27 (Tex. Cr.App.1978), the petitioner established that *all* the supporting papers had been introduced at the habeas hearing, and since the Governor's Warrant stated the extradition was based on a judgment of conviction in the demanding state and there was no judgment of conviction among the supporting papers, appellant contended that on that basis the extradition ordered was unauthorized.

*Robbins* is distinguishable from the instant case. *Robbins* involved the question of whether one of the necessary instruments or instruments essential to extradition under Article 51.13, § 3, V.A.C.C.P., and as stated in the Governor's Warrant, was among the supporting papers. The instant case involved the issue of probable cause for arrest in the demanding state, most of which has been foreclosed for determination in the asylum state. It was appellant's contention simply that the application for an arrest warrant did not reflect probable cause. The absence in the record

of the Louisiana indictment and arrest warrant was only cited to bolster the contention. For reasons stated above, this contention in light of *Doran* and *Moore* won't fly, won't hunt.

If it can be said, however, that it is appellant's contention that the documents are insufficient to establish there was a judicial determination of probable cause for arrest in the demanding state, then it is observed that appellant did not show that *all* the supporting papers had been introduced so as to sustain such contention. If it can be said that the State introduced the remainder of the supporting papers, thus satisfying appellant's burden, and that the court's belated certificate should be properly considered, then it is observed that the supporting papers reflect a judicial determination of probable cause for arrest in Louisiana, thus defeating any such contention.

The initial contention is overruled.

Appellant next contends that the court erred in allowing the testimony of a deputy sheriff as to fingerprints in the Tarrant County Sheriff's office when the fingerprints were not properly admitted into evidence.

At the habeas hearing the State called Margaret Graham of the criminal records and identification division of the Sheriff's office of Tarrant County. She was qualified as a fingerprint expert. She related the appellant's known fingerprints taken by the Tarrant County Sheriff's office were compared with the fingerprints in the extradition packet and the comparison reflected the fingerprints were from one and the same man. Appellant objected the known prints were not introduced into evidence and the fingerprints from the extradition packet were not shown to be covered by any certification therein. The objections were overruled.

The introduction of the Governor's Warrant prima facie established the identity of the appellant. The appellant did not thereafter raise the issue of identity. The testimony of the State offered to bolster the identity of the appellant was unnecessary under the circumstances of the case. The error, if any, in admitting the testimony complained of was harmless error. See Article 51.13, V.A.C.C.P., note 74.

The State's motion for rehearing is granted, the judgment of reversal is set aside, and the judgment is affirmed.