Hutchinson v. State 










 NO. 10-91-054-CR

IN THE
COURT OF APPEALS
FOR THE
TENTH DISTRICT OF TEXAS
AT WACO

* * * * * * * * * * * * *

Â Â Â Â Â Â Â Â Â Â HENRY LEE HUTCHINSON,
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellant
Â Â Â Â Â Â Â Â Â Â v.

Â Â Â Â Â Â Â Â Â Â THE STATE OF TEXAS
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellee

* * * * * * * * * * * * *

 From 54th Judicial District Court
McLennan County, Texas
Trial Court # 91-677-2

* * * * * * * * * * * * *

O P I N I O N

* * * * * * *
Â Â Â Â Â Â Â Â Â Â Appellant, after being arrested on an extradition warrant issued by the Governor of Texas
based on proceedings in the State of Mississippi, filed a petition for a writ of habeas corpus. See
Tex. Code Crim. Proc. Ann. art. 51.13 (Vernon 1979). After a hearing, the court denied the
petition and ordered Appellant delivered to proper Mississippi officers for return to that State, and
Appellant brought this appeal.
Â Â Â Â Â Â Â Â Â Â Appellant's counsel has asserted no points of error. Indeed, his counsel has certified to
this court and to Appellant that, in his professional opinion, the appeal is without merit and
frivolous. Because Appellant is represented by counsel and because there is no right to hybrid
representation, Appellant's pro se brief presents nothing for review. See Rudd v. State, 616
S.W.2d 623, 625 (Tex. Crim. App. [Panel Op.] 1981). In the interest of justice, however, we will
consider Appellant's point of error relating to identification by fingerprint comparison. Appellant
complains that because the State's fingerprint expert only found seven points of similarity, the
identification testimony should not have been admitted into evidence. 
Â Â Â Â Â Â Â Â Â Â After the Governor's Warrant, regular on its face, is placed in evidence, the burden is on
the petitioner to overcome prima facie proof of the existence of every fact which the Governor was
obliged to determine before issuing an extradition warrant. Ex Parte Cain, 592 S.W.2d 359, 362
(Tex. Crim. App. 1980). The introduction of the Governor's Warrant prima facie established the
identity of the Appellant and he did not thereafter raise the issue of identity. See id. at 364.
Â Â Â Â Â Â Â Â Â Â Â No objection was made to the qualifications of the State's expert, who had attended the
FBI academy in fingerprint classification and identification. The expert testified that he compared
the fugitive's fingerprints which accompanied the extradition request from the State of Mississippi
with fingerprints of Appellant taken on February 2, 1991. He stated that he "stopped at seven"
points of similarity, and in his opinion, the two sets of fingerprints were made by the same person. 
This testimony, offered to bolster the identity of the Appellant, was unnecessary. See id. Having
considered this testimony, however, and the physical description and photograph of the fugitive
which are contained in the extradition package admitted into evidence, we cannot say that the court
erred in admitting the testimony into evidence nor in finding that Appellant was the same person
wanted by the State of Mississippi. 
Â Â Â Â Â Â Â Â Â Â The judgment is affirmed.
Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â BILL VANCE
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Justice

Before Chief Justice Thomas,
Â Â Â Â Â Â Â Â Â Â Justice Cummings,
Â Â Â Â Â Â Â Â Â Â and Justice Vance
Affirmed
Opinion delivered and filed May 23, 1991
Do not publish



rict court
for judicial review of the appeals panels decision.Â  Lawton filed a motion for
partial summary judgment, alleging that SORM waived its right to contest
compensability under section 409.021 of the Labor Code.Â  SORM filed a motion
for partial summary judgment arguing that waiver did not occur because it was
contesting extent of injury, not compensability; thus, the waiver provision of
section 409.021 did not apply.Â  The trial court granted LawtonÂs motion and
dismissed the case.

STANDARD OF REVIEW

We review a trial courtÂs summary judgment de
novo.Â  Provident Life & Accident Ins. Co. v. Knott, 128 S.W.3d 211,
215 (Tex. 2003).Â  In reviewing a summary judgment, we must consider whether
reasonable and fair-minded jurors could differ in their conclusions in light of
all of the evidence presented.Â  See Goodyear Tire & Rubber Co. v. Mayes,
236 S.W.3d 754, 755 (Tex. 2007) (per curiam) (citing Wal-Mart Stores, Inc.
v. Spates, 186 S.W.3d 566, 568 (Tex. 2006) (per curiam); City of Keller
v. Wilson, 168 S.W.3d 802, 822-24 (Tex. 2005)).Â  We must consider all the
evidence in the light most favorable to the nonmovant, indulging every
reasonable inference in favor of the nonmovant and resolving any doubts against
the motion.Â  See Goodyear Tire, 236 S.W.3d at 756 (citing Sudan
v. Sudan, 199 S.W.3d 291, 292 (Tex. 2006) (per curiam); Spates, 186
S.W.3d at 568).

When, as here, competing motions for summary
judgment are filed and one is granted and one denied, the appellate court
should determine all questions presented and should render the judgment the
trial court should have rendered.Â  Tex. WorkersÂ Comp. CommÂn v.
Patient Advocates of Tex., 136 S.W.3d 643, 648 (Tex. 2004); Am. Hous. Found. v. Brazos County
Appraisal Dist.,
166 S.W.3d 885, 887 (Tex. App.ÂWaco 2005, pet. denied).

ANALYSIS

Section 409.021 provides that an insurance carrier
who does not contest the compensability of an injury on or before the 60th day
after the date on which the carrier is notified of the injury, waives its right
to contest compensability. Â Tex. Lab. Code Ann. Â§ 409.021(c) (Vernon 2006).Â Â A Âcompensable injuryÂ Âarises out of and in the
course and scope of employment for which compensation is payable.Â Â Tex. Lab. Code Ann. Â§ 401.011(10) (Vernon Supp. 2007).Â  AnÂ ÂinjuryÂ constitutes Âdamage or harm to the physical
structure of the body,Â a Âdisease or infection naturally resulting from the
damage or harm,Â or Âan occupational disease.ÂÂ  Tex. Lab. Code Ann. Â§ 401.011(26) (Vernon Supp. 2007).

In reliance on our decision in TIG Premier
Insurance Co. v. Pemberton, 127 S.W.3d 270 (Tex. App.ÂWaco 2003, pet.
denied), SORM argues that section
409.021 applies to compensability disputes, not extent of injury. Â In Pemberton, the claimant fell and injured his right shoulder
and left knee while in the course and scope of his employment.Â  See id.
at 271.Â  TIG, the insurance carrier, did not contest compensability. Â Id.Â  Three months later, Pemberton was diagnosed with deep vein thrombosis (DVT) in
his right leg.Â  Id.Â  Two years later, when the parties could not agree
on PembertonÂs impairment rating, the Texas WorkersÂ Compensation Commission (TWCC)
designated Dr. Leslie Bishop to conduct an impairment-rating examination. Â Id. Â Bishop assessed a ten-percent impairment rating, two percent of which was for
the DVT. Â Id.Â  Six months after receiving notice of BishopÂs findings,
TIG filed a dispute complaining that the DVT resulted from three prior
surgeries combinedÂ with prolonged convalescence after the fall and was not
compensable. Â Id. at 271-72.Â  TIG argued that the sixty-day period in
section 409.021 was inapplicable because it Âpertains only to whether the
carrier disputes the overall injury after initially learning of an employeeÂs claim,
and not to disputes which arise later about the extent or specific aspect of
the injury.Â Â Id. at 272. Â After
a hearing, the TWCC determined that
TIG waived any complaint by not contesting the DVT within sixty days of
learning of BishopÂs findings. Â Id.Â  The appeals panel and the trial court affirmed this finding.Â  Id.

We determined that, Âby its express wording and also by its context, section 409.021 pertains
only to the overall injury,Â the Âinitial response by the carrier after
receiving notice that an employee has been injured,Â and Âthe
initiationÂ of benefits.ÂÂ  Id. at 274.Â  We noted that Âother workers
compensation statutes allow for contesting individual claims or parts of the
overall claim without regard to the sixty-day restriction.ÂÂ  Id. (citing
Tex. Lab.
Code Ann. Â§ 408.027Â (Vernon Supp. 2007), Tex. Lab. Code Ann. Â§ 408.125 (Vernon 2006), and Tex. Lab. Code Ann. Â§Â§ 410.001-.308 (Vernon 2006 & Supp. 2007)).Â  Moreover,
section 124.3 of the
Administrative Code specifically provides that section 409.021 Âdoes not
apply to disputes of extent of injury.ÂÂ  Id. at 275 (quoting 28 Tex.
Admin. Code Â§ 124.3(c) (Tex.
DepÂt of Ins., Div. of WorkerÂs Comp., Investigation of an Injury and Notice of
Denial/Dispute)) (emphasis added).[2]Â 
Accordingly, we held that ÂTIG
was not bound by the sixty-day rule in contesting the inclusion of the DVT in
PembertonÂs impairment rating;Â the trial court erred by determining otherwise.Â 
 Id.

Lawton distinguishes Pemberton on grounds
that: (1) PembertonÂs additional condition was separate from the initial injury
because it was associated with a different part of his body, while LawtonÂs
additional conditions are associated with her left knee, the same part of her
body as the initial injury; and (2) PembertonÂs additional condition was
diagnosed after the sixty-day time period, while Bertoni diagnosed LawtonÂs
additional conditions within the sixty-day time period.

LawtonÂs
argument that, unlike Pemberton, her additional conditions are
associated with the same body part is not dispositive.Â  The preamble to the proposed version of section
124.3 states:

Subsection (c) addresses the situation where a
carrier questions the extent of an employeeÂs injury.Â  For example, an employee
may have injured his arm and then several months later the doctor begins to
treat the shoulder as well and the carrier does not believe that the shoulder
is part of the compensable injuryÂ 

Â 

Previously the rules were virtually silent on the
issue of how to dispute extent of injury. Â This has led to numerous problems
within the system. Â In the absence of guidance on this issue, the appeals panel
has attempted to provide some structure to this issue. Â One appeals panel
approach has suggested that when a doctor attempts to treat additional body
parts/systems, such as in the previous example, Texas Labor Code, Â§ 409.021
(regarding Initiation of Benefits; Insurance CarrierÂs Refusal; Administrative
Violation) is invoked and the carrier has 60 days to file a dispute for extent
of injury or waive the right to dispute this issue and become liable for this
body part/system. Â This rule does not adopt that interpretation.


Texas Labor Code, Â§ 409.021, is intended to apply to the compensability of the
injury itself or the carrierÂs liability for the claim as a whole, not
individual aspects of the claim. Â When a carrier disputes the extent of an
injury, it is not denying the compensability of the claim as a whole, it is
disputing an aspect of the claim. Â This is similar to when a carrier
accepts a claim but disputes the existence of disability. Â A dispute of
disability is a dispute of the amount of benefits that a person is entitled to.
Â In much the same way, a dispute involving extent of injury is a dispute
over the amount or type of benefits, specifically, medical benefits, to
which the employee is entitled (i.e. what body areas/systems, injuries,
conditions, or symptoms for which the employee is entitled to treatment); it is
not a denial of the employeeÂs entitlement to benefits in general.

Â 

25 Tex.
Reg. 2096, 2102 (2000) (to be codified at 28 Tex. Admin. Code Â§ 124.3) (Tex. WorkerÂs Comp. CommÂn) (amended
2004) (emphasis added).Â  Thus, section 409.021(c) does not apply to
extent-of-injury disputes.Â  See id.

According to SORMÂs notice of disputed issue(s)
and refusal to pay benefits:

We are disputing entitlement of indemnity and
medical benefits as related to degenerative changes in the knee including chondromalacia patella, chondral and subchondral
erosive changes, and OCD with severe chondromalacia because: these disease are
ordinary diseases of life and are not a result of the contusion that was
reported as the compensable work injury.Â  According to a peer review, the
injured worker at most sustained a contusion and that this contusion did not
aggravate the pre-existing condition of the degenerative joint disease.

Â 

SORMÂs dispute is not a denial of LawtonÂs
entitlement to benefits in general or a dispute as to the overall injury, but
is a dispute as to the type of benefits to which Lawton is entitled,
specifically the conditions for which she is entitled to treatment.Â  Pursuant
to Pemberton and section 124.3, SORMÂs
complaint falls within the scope of an extent of injury dispute. Â See Pemberton,
127 S.W3d at 274-75; see also Tex.
Lab. Code Ann. Â§ 409.021(c); 28 Tex.
Admin. Code Â§ 124.3; 25 Tex. Reg.
2096, 2102.

However, the Texas WorkerÂs Compensation
Commission appeals panel has held that Âthe nature of the injury will be
defined by that information that could have been reasonably discovered in the
carrierÂs investigation prior to the expiration of the waiver period.Â[3]Â 
See Tex.
WorkersÂ Comp. CommÂn, Appeal No. 041738-s, 2004
TX Wrk. Comp. Lexis 1593Â , at *6
(Sept. 8, 2004).Â  SORM argues that this
ruling conflicts with section 409.021 and section 124.3Âs rejection of waiver
for new disputes arising after the sixty-day period and so amounts to ad hoc
rule making. Â We disagree.Â  Sections 124.3 and 409.021 both provide for disputes
raised outside the sixty-day period, where the carrier establishes the
existence of information that could not have been reasonably discovered within
the applicable time period.Â  See 28 Tex.
Admin. Code Â§ 124.3(a)(3); see also Tex. Lab. Code Ann. Â§ 409.021(d) (Vernon 2006).

Moreover, section
124.3 contemplates a situation where, after the initial injury and expiration
of the sixty-day period, a new dispute arises with regard to a body part,
system, injury, condition, or symptom.Â  See 25 Tex.
Reg. 2096, 2102; see also Pemberton, 127 S.W.3d at
271 (information regarding additional
conditions was not available until after sixty-day period expired); see also Tex. WorkersÂ Comp. CommÂn, Appeal No. 051017, 2005 TX Wrk. Comp. Lexis 132, at *8 (June 22, 2005) (same).Â  In such a situation, no waiver occurs under section
124.3.Â  See 25 Tex. Reg. 2096.Â  Here, however, SORM
received notice of BertoniÂs findings well within the sixty-day period.

Given that Wellborn did not issue his peer review report
until after the sixty-day period had expired, SORM contends that it could not
dispute the extent of LawtonÂs injury within the sixty days because: (1) it could
not determine whether the additional conditions were related to the compensable
injury; and (2) it had no report on which to base such a dispute. Â However, BertoniÂs
report put SORM on notice that Lawton was seeking benefits for something more
than a contusion and placed SORM in a position to dispute the extent of LawtonÂs injury.

Finally, SORM argues that requiring a carrier to
Âpay costly claims for ÂwaivedÂ extensions of compensable injuriesÂ defeats the
purpose of the Labor Code because Âit would dramatically increase the cost of
workersÂ compensation insurance to employers and could provide unjust
enrichment to the injured worker who could be paid benefits for an otherwise
noncompensable condition.ÂÂ  (citing Senate
Bill Analysis, Tex. S.B. 1, 71st Leg., 2nd C.S. (1989) (Â[t]his reform of the workersÂ compensation system to
provide a more understandable
and reasonable
mechanism for compensating injured workers is intended to bring Texas a more
fair, just, and equitable workersÂ
compensation system in terms of costs to employers and benefits
to injured employees.Â)). Â Yet, to
allow a carrier to dispute the extent of an injury of which it had notice
within the sixty-day period would obviate the purpose of chapter 409 to provide a streamlined process for workersÂ
compensation claims in order to promote Âprompt response[s]Â to claims, Âavoid early
attorney involvement,Â and prevent delays that result in Âhardship upon the
employee.ÂÂ  ContÂl Cas. Co. v.
Downs, 81 S.W.3d 803, 806 (Tex. 2002) (quoting 1 Montford et al., A Guide to Texas WorkersÂ Comp Reform 5-52
(1991)).

Accordingly, Lawton established her entitlement to judgment as a matter of law on the issue of waiver.Â 
We overrule SORMÂs sole issue and affirm the trial courtÂs judgment.

Â 

Â 

FELIPE REYNA

Justice

Â 

Before Chief Justice
Gray,

Justice
Vance, and

Justice
Reyna

(Chief Justice Gray dissents but a separate
opinion will not issue.Â  He notes, however, this opinion appears to be the
first opinion in which the appeals panel rule has been used to modify the
CommissionÂs duly adopted rule regarding the scope of waiver of compensability
versus a waiver of the right to contest the extent of the compensable injury.Â 
This is an issue of significance to the State because of the frequency with
which it is likely to be repeated, if not corrected or clarified.Â  So that all
workers compensation carriers are put on notice of the need to hire sufficient
additional doctors to conduct peer reviews by the deadline or have their
ability to contest the extent of injury waived, I would designate it an Opinion.Â 
Tex. R. App. P. 47.2; Tex. R. App. P. 47.4.)

Affirmed 

Opinion delivered and
filed April 16, 2008

[CV06]

Â 









[1] Â Â Â Â Â Â Â Â Â Â Â Â Â  The State is self-insured with
respect to its employeesÂ compensable injuries.Â  See Tex. Lab. Code Ann. Â§ 412.0122 (Vernon
2006).





[2]
Â Â Â Â Â Â Â Â Â Â Â Â Â  Subsection (c) of section 124.3 has been re-designated as
subsection (e).Â  See 29 Tex. Reg. 2322, 2328 (2004) (amended to
be codified at 28 Tex. Admin. Code
Â§ 124.3) (Tex. WorkerÂs Comp. CommÂn).





[3] Â Â Â Â Â Â Â Â Â Â Â Â Â  Â[A]n administrative agency has the
power to interpret its own rules, and its interpretation is entitled to great
weight and deferenceÂ
and is controlling unless Âplainly erroneous or inconsistent.Â Â ContÂl Cas. Co. v. Rivera, 124 S.W.3d 705, 710 (Tex. App.ÂAustin
2003, pet. denied).