NUMBER 13-05-189-CR

                                                           

                         COURT OF APPEALS

 

                     THIRTEENTH
DISTRICT OF TEXAS

 

                         CORPUS
CHRISTI - EDINBURG  

 

RUBEN O. GARZA, JR.,                                                                  Appellant,

 

v.

 

THE STATE OF TEXAS,                                                                 Appellee.

 

On appeal from the 93rd District
Court of Hidalgo County, Texas.

 

MEMORANDUM OPINION 

 

                         Before
Justices Hinojosa, Yañez, and Garza

                            Memorandum
Opinion by Justice Garza                                   








Appellant, Ruben O. Garza, Jr., filed an application
in the trial court seeking relief via a writ of habeas corpus from a warrant
issued by the governor of Texas directing his extradition to the state of
Wisconsin.  The trial court conducted a
hearing pursuant to Texas Code of Criminal Procedure article 51.13.  Tex.
Code Crim. Proc. Ann. art. 51.13 (Vernon Supp. 2004-05).   Upon conclusion of the hearing, appellant=s request for habeas corpus relief was denied and he
was ordered extradited to Wisconsin. 
Appellant now appeals the denial of the writ in a single issue.  We affirm.

By one issue, appellant contends that the trial
court erred in denying habeas corpus relief because the governor=s warrant does not reflect that the governor
exercised discretion vested in him by section 6 of article 51.13.  See id. ' 6.  Instead, appellant asserts the warrant
states facts necessary for mandatory extradition under section 3 of article
51.13.  Id. '' 2, 3. 
Appellant further claims that the trial court erred in denying habeas
corpus relief because the governor=s warrant of extradition does not substantially
recite the facts necessary to the validity of its issuance in accordance with
section 7 of article 51.13.  Id. ' 7.    

I.  Background

The state of Wisconsin charged appellant by
complaint with conspiracy to deliver a controlled substance.  The complaint alleges in pertinent part that:


Between January 2002 and October 13, 2002 the
defendant did conspire to deliver THC to various locations in Portage County,
Wisconsin, in the amount of more than 10,000 grams contrary to sec. 961.41 (1)
(h) (5) of the Wisconsin Statutes, a Class E Felony punishable by a fine not
more than $15,000 and imprisonment of not more than 15 years, or both.  

 

* * * 








After his arrest in Texas, appellant filed an
application for writ of habeas corpus seeking to avoid extradition to
Wisconsin.  At the hearing on appellant=s application, appellant=s wife testified that she and appellant lived
together in January 2002 and were married in February 2002.  She testified that she and appellant lived in
Donna, Texas from January 2002 to January 2004. 
She further testified that appellant worked at H&H Foods in
Mercedes, Texas.  The State stipulated
that appellant was not in Wisconsin during the relevant times, but clarified
that whether he was in Wisconsin at the time was irrelevant because article
51.13 section 6 allows extradition if an act 
committed in Texas results in a crime in the demanding state.  At the conclusion of the hearing, the trial
court denied appellant the relief requested by his application for writ of
habeas corpus.  This appeal
followed.      

II.  Applicable Law

 

Only four issues may be raised by application for
writ of habeas corpus.  They are whether:
(1) the extradition documents on their face are in order, (2) the petitioner
has been charged with a crime in the demanding state, (3) the petitioner is the
same person named in the request for extradition, and (4) the petitioner is a
fugitive.  See Michigan v. Doran,
439 U.S. 282, 289 (1978).  A governor=s warrant that is regular on its face is sufficient
to make a prima facie case authorizing extradition.  See Ex parte Moore, 436 S.W.2d 901,
902 (Tex. Crim. App. 1968); Ex parte Johnson, 651 S.W.2d 439, 440 (Tex.
App.BDallas 1983, no pet.).  The burden of proof then shifts to the
petitioner to show the warrant was not legally issued, that it was issued on
improper authority, or that the recitals in it are inaccurate.  Ex parte Cain, 592 S.W.2d 359, 362
(Tex. Crim. App. 1980).  This can be done
by the supporting papers introduced at the hearing.  See id. 
 

III.  Analysis

 








Article 51.13, section 2 imposes a duty upon the
governor to order extradition when someone commits an offense in one state and
then flees to Texas.  See Tex. Code Crim. Proc. Ann. art 51.13 '' 2, 3.  Under
such circumstances, the extradition of the fugitive is mandatory.  See id. ''
2, 3.  However, section 6 of the
same article provides that the governor may surrender any person whose
actions in Texas, or in a third state, intentionally result in a crime in the
demanding state.  Id. ' 6 (emphasis added). 
This section, unlike section 2, is expressed entirely in permissive
terms.  Extradition pursuant to a
mandatory section is improper when the supporting documents show the accused
was outside the demanding state at the time of the offense because a demand for
mandatory extradition, made when the circumstances only authorize permissive
surrender, denies the accused any potential benefit from the governor=s exercise of discretion.  See Ex parte Holden, 719 S.W.2d 678,
679-80 (Tex. App.BDallas 1986, no pet.); Ex parte Castillo, 700
S.W.2d 350, 353 (Tex. App.BCorpus Christi 1985, no pet.).  








In his sole issue, appellant asserts that he was
erroneously extradited pursuant to the mandatory provisions of section 2 of
article 51.13.  He contends that the
governor of Texas extradited him pursuant to the mandatory provisions of
section 2 because the Wisconsin charge, Requisition Demand, and supporting
affidavits erroneously alleged facts which called for mandatory extradition, i.e.,
that appellant was actually present in Wisconsin when he allegedly committed
the crime of conspiracy to deliver.  See
Tex. Code Crim. Proc. Ann.
art. 51.13 '' 2, 3. 
Appellant contends that mandatory extradition was improper and he was
instead entitled to discretionary extradition pursuant to section 6 of article
51.13 because evidence was presented at the habeas corpus hearing establishing
that he was not in Wisconsin during the commission of the offense.  In support of his argument, appellant points
out that the governor=s warrant does not allege acts committed in Texas,
or in a third state, intentionally resulting in a crime in Wisconsin.  Thus, he concludes, he was denied any
potential benefit from the governor=s exercise of discretion.  Appellant further claims that the trial court
erred in denying habeas relief because the governor=s warrant of extradition failed to Asubstantially recite the facts necessary to the
validity of its issuance@ in accordance with section 7 of article 51.13.[1]


In the present case, the governor's warrant was found
to be regular on its face and was placed in evidence.  Therefore, the burden shifted to appellant to
overcome the prima facie proof of the existence of every fact which the
governor was obligated to determine before issuing an extradition warrant.  Ex parte Cain, 592 S.W.2d at 362.  Thus, the burden was on appellant to show
that the warrant was not legally issued, Ex parte Evans, 411 S.W.2d 367,
368 (Tex. Crim. App. 1967), that it was not based on proper authority, or that
its recitals were inaccurate.  Ex
parte Stehling, 481 S.W.2d 431, 433 (Tex. Crim. App. 1972). 








We note that Texas courts have allowed extradition
under section 6 of article 51.13 where the charging instruments themselves did
not plead reliance on section 6 of article 51.13 or allege that the acts were
committed in Texas or a third state intentionally resulting in a crime in the
demanding state.  See Ex parte
Harrison, 568 S.W.2d 339, 341 (Tex. Crim. App. 1978) (citations omitted); Ex
parte Gust, 828 S.W.2d 575, 576 (Tex. App.BHouston
[1st Dist.] 1992, no pet.).[2]

We have reviewed the Wisconsin charge, the
Requisition Demand, supporting documents, and the governor=s warrant, and have determined, contrary to
appellant=s assertion, that the documents neither allege that
appellant was actually present in Wisconsin during the commission of the
offense, nor do they explicitly reference either section 2, 3, or 6 of article
51.13.  Instead, the documents clearly
recite facts essential to discretionary extradition.  See Tex.
Code Crim. Proc. Ann. art. 51.13, ' 6.  The
relevant portions of the supporting documents provide as follows: 

1.  Wisconsin
Criminal Complaint:  Accuses appellant of AConspiracy to Deliver A Controlled Substance@ between January, 2002 and October 13, 2003 to
Avarious locations in Portage County, Wisconsin.@ (emphasis added).      

2.  Wisconsin
Criminal Warrant:            States that
appellant is accused of committing the crime of delivery of a controlled
substance.   

 

3.  Wisconsin
Requisition Demand:     States that
appellant is Acharged by affidavit with the crime(s) of Conspiracy
to Deliver Controlled Substance (Marijuana) as Habitual Offender under the laws
of this state and the defendant is now in Texas.@

 








4.  Probable
Cause Statement:             Contains
statements demonstrating that the Wisconsin charges were based solely on
evidence that appellant sent numerous packages of marijuana from various cities
in South Texas to Wisconsin.  In
addition, it contains statements alleging that appellant would obtain payment
for the drugs via Western Union.    

 

5.  Governor=s Warrant:                          States
that appellant Astands charged with the crime of Conspiracy to
Deliver Controlled Substance (Marijuana) as Habitual Offender and is now to be
found in the State of Texas . . . .@  

 

Judging the substance of the charge upon which the
extradition is based by considering the charging instrument in conjunction with
the supporting requisition documents, we conclude that the Wisconsin request
clearly reflects that this is a discretionary extradition under section 6, and
the governor=s warrant indicates nothing to the contrary.  See Ex parte Harrison, 568 S.W.2d at
342 (stating that Athe better practice is to judge the substance of the
charge upon which the extradition is based by considering the >charging instrument= in
conjunction with the supporting requisition documents).  Likewise, appellant introduced no evidence to
show that the governor was in any way misled as to the character of this
extradition.  Appellant has therefore
failed to carry his burden of proof to show that the warrant was invalid.  See Ex parte Cain, 592 S.W.2d at 362.[3]  The application for writ of habeas corpus was
properly denied.  








We affirm the judgment of the trial court.  

 

 

_______________________

DORI CONTRERAS GARZA,

Justice                  

 

Do not publish.                                              

Tex. R. App. P. 47.2(b).

Memorandum Opinion delivered and 

filed this the 9th day of March, 2006.

 

 

 











[1] Article 51.13, section 7, which
dictates what must be followed when dealing with a discretionary extradition,
requires that the warrant Asubstantially recite the facts necessary to the validity of
its issuance.@ 
Tex. Code Crim. Proc. Ann.
art 51.13 ' 7 (Vernon Supp. 2004-05).  This has been held to mean the warrant must
name the particular offense alleged to have been committed by the accused.  Ex parte Medina, 417 S.W.2d 409, 411
(Tex. Crim. App. 1967); see also Ex parte Ransom, 470 S.W.2d 692, 693 (Tex.
Crim. App. 1971) (stating that section 7 was not intended to mean that the
governor's warrant must substantially state all of the requirements of Section
3 pertaining to the form of the demand). 
Appellant=s claim is without merit because
the governor=s warrant states appellant Astands charged with the crime of
Conspiracy to Deliver a Controlled Substance . . . .@ 
In any event, any defect in the allegations contained in the warrant may
be cured by the inclusion of the papers that show the warrant was
justified.  See Ex parte Ransom,
470 S.W.2d at 693.





[2] 
This does not mean that the other supporting documents in these cases
did not reflect the applicability of article 51.13, section 6.  See Ex parte Harrison, 568 S.W.2d 339,
341 n.3 (Tex. Crim. App. 1978). 





[3] 
Appellant further relies on a statement included in the affidavit of
complaining witness, Sergeant Mandeville of Portage County Sheriff=s Department, which states that the
Acrime(s) were alleged to have been
committed in Portage, County, Wisconsin between January 2002 and October 13,
2003.@ 


However, appellant fails to
recognize the principle announced by the Harrison court that Athe better practice is to judge the
substance of the charge upon which the extradition is based by considering the >charging instrument= in conjunction with the supporting
requisition documents.@ 
Ex parte Harrison, 568 S.W.2d 339, 343-44 (Tex. Crim. App.
1978).  As stated above, evaluation of
the documentation provided demonstrates that extradition was based on allegations
that appellant committed acts in Texas which resulted in commission of a crime
in Wisconsin. 

In addition, in his
statement of facts, appellant directs our attention to an affidavit provided by
Ricardo Sanchez.  Appellant contends the
affidavit identifies him as Ahaving been in Wisconsin and having purchased Marihuana
from appellant.@ 
After careful review of the affidavit, we find that the affidavit does
no more than provide a means for identifying appellant as the person being
charged in the complaint.  The relevant
portion states AI, Ricardo Sanchez, have personal
knowledge that this is a picture of a person I have met personally when Garza
[appellant] was in Wisconsin and the same person from whom I have purchased
marijuana.@ 
Again, applying the principle announced in Harrison, we find this
statement of no consequence to the overall substance of the charge.  See id.