# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-15-00804-CR

### Kenneth Wilkie aka James Hartley, Appellant

### v.

### The State of Texas, Appellee

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 331ST JUDICIAL DISTRICT
### NO. D-1-DC-15-100198, HONORABLE DAVID CRAIN, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Kenneth Wilkie aka James Hartley appeals the denial of relief on his pro se application for writ of habeas corpus challenging a governor's extradition warrant. Appellant contends that the trial court erred in denying him relief because the warrant's supporting documentation was not authenticated, he was not the person named therein, and the trial court denied him his right to counsel. We will affirm the district court's denial of habeas corpus relief.

## BACKGROUND

After appellant was arrested in Texas on an out-of-state warrant for the felony offense of criminal possession of stolen property, he was appointed counsel and refused to waive extradition. Subsequently, the Texas governor issued a governor's warrant ordering extradition of appellant to the state of New York. *See* Tex. Code Crim. Proc. art. 51.13, § 7 (if governor decides that extradition demand made by executive authority of another state should be complied with, he shall sign warrant

of arrest). After his appointed counsel found no non-frivolous grounds to file a writ of habeas corpus, appellant filed simultaneously a pro se writ of habeas corpus and a motion to dismiss his appointed counsel, in which he requested that the court appoint him new counsel.[1] A magistrate held a hearing on the writ application, during which the court provided an attorney to sit with appellant and answer any questions he might have. Appellant did not ask for another attorney, did not confer with the attorney provided to him, and did not present any evidence or testify at the hearing. Instead, he argued at the hearing that the extradition documents were not in order for various reasons, that he was being extradited in retaliation for a lawsuit that he had previously filed against a sheriff's department in New York, and that he had a "temporary restraining order pending" against the sheriff's department into whose custody he would be released. After the hearing, the magistrate filed written findings recommending denying relief because the governor's warrant was "regular on its face" and that appellant had presented no evidence showing otherwise. The district court adopted the magistrate's findings, conclusions, and recommendations and denied appellant's requested relief.

## DISCUSSION

**Denial of writ of habeas corpus**

We will review the trial court's ruling on appellant's application for writ of habeas corpus for abuse of discretion. *Kniatt v. State*, 206 S.W.3d 657, 664 (Tex. Crim. App. 2006). It is

---

[1] Appellant's prior counsel filed an "Ex Post Facto Motion to Withdraw" shortly after the trial court rendered its final order denying appellant relief. In this motion, appellant's prior counsel asserted that, in open court and in the presence of appellant, (1) he had advised the court that, in his professional opinion, there were no valid grounds upon which to assert a challenge to the governor's warrant; (2) appellant then advised the court that he wished to pursue his own remedies pro se; and (3) he orally requested to be relieved of his duties of representation of appellant, which the trial court granted.

well established that if a governor's warrant is introduced and is "regular on its face," the State has made a prima facie case for extradition, and the burden then shifts to the defendant to prove that the warrant was not legally issued or was issued on improper authority or that the recitals in it are inaccurate. *Ex parte Cain*, 592 S.W.2d 359, 362 (Tex. Crim. App. 1980) (op. on reh'g).

We conclude that the trial court properly found that the governor's warrant was regular on its face because it recited that appellant was charged with the offense of criminal possession of stolen property in the third degree as shown by representations and demand by the governor of New York and by copies of (1) a complaint made before a magistrate and (2) a warrant for appellant's arrest, both certified by the governor of New York to be authentic. *See Ex parte Henson*, 408 S.W.2d 233, 233 (Tex. Crim. App. 1966); *see also* Tex. Code Crim. Proc. art. 51.13, § 3 (setting out requirements of governor's recognition of another state's demand for extradition under Uniform Criminal Extradition Act). The burden therefore shifted to appellant to prove that the governor's warrant was invalid or that the recitals therein were inaccurate. *See Ex parte Cain*, 592 S.W.2d at 362; *see Ex parte Holden*, 719 S.W.2d 678, 679 (Tex. App.—Dallas 1986, no writ) (granting relief because defendant met burden by presenting uncontroverted testimony at extradition hearing establishing that she was not in demanding state at time alleged offense was committed).

Appellant raises several issues contesting the authenticity of the documents supporting the New York governor's extradition request.[2] However, Texas courts have consistently held that the demanding governor's certification of authenticity of the supporting documents is

---

[2] For instance, appellant contends that (1) the New York "certificate of exemplification" has no court seal or signature of a judge or clerk and (2) the New York complaint and warrant issued thereupon are both "amended" and do not provide facts sufficient to support an arrest warrant.

all that is necessary to support the extradition paperwork's being "in order." *See Ex parte Gomez*, 855 S.W.2d 42, 43 (Tex. App.—Corpus Christi 1993, pet. ref'd, untimely filed) (citing *Ex parte Reagan*, 549 S.W.2d 204, 205 (Tex. Crim. App. 1977)). Appellant also challenges whether there was probable cause for the New York charge against him and contends that the charge was filed in retaliation for a lawsuit that he filed. However, those issues may not be raised in an extradition proceeding. *See Ex parte Cain*, 592 S.W.2d at 362 (citing *Michigan v. Doran*, 439 U.S. 282, 286–90 (1978) (holding that asylum state must accept probable-cause determination made by demanding state)). We accordingly overrule appellant's issues relating to the propriety or legality of the extradition request from the governor of New York.

Appellant also raises two issues contesting that he is the same person as that identified in the New York governor's extradition request. However, the extradition paperwork names "Kenneth James Wilkie" (along with several aliases) as the person at issue, and appellant signed his pro se writ application with that name and identified himself at the writ hearing with that name. Therefore, it is a readily identifiable historical fact that appellant is the person named in the request for extradition and governor's warrant. While on appeal appellant seems to contend that he has a different date of birth than the individual identified in some of the paperwork supporting the extradition request, he never placed his identity at issue by denying under oath that he is the person named in the extradition documents or presenting any other form of evidence supporting that contention, and therefore the burden never shifted to the State to prove that he was indeed identical to the person being sought by the demanding state, and the trial court did not err in denying habeas corpus relief on this ground. *See Hanks v. State*, 113 S.W.3d 523, 525 (Tex.

4

App.—Houston [1st Dist.] 2003, no pet.) (to place identity at issue, accused must deny under oath that he is person named in warrant); *Ex parte Hearing*, 125 S.W.3d 778, 782 (Tex. App.—Texarkana 2004, no pet.) (same).³

Without any evidence or authority supporting his arguments, appellant did not meet his burden to rebut the validity of the governor's warrant. The trial court properly denied his application for writ of habeas corpus, and we overrule his issues relating to the denial of his writ of habeas corpus on its merits.

**Appellant's right to counsel**

Appellant also contends that he was denied the right to be appointed new counsel after the court granted his motion to dismiss his court-appointed counsel following that counsel's determination that there were no merits to a writ of habeas corpus. He also contends that he should have been appointed appellate counsel upon his request. While it is true that an indigent defendant is entitled to court-appointed counsel to represent him in a habeas corpus proceeding brought under the Texas Uniform Criminal Extradition Act, *see* Tex. Code Crim. Proc. art. 51.13, § 10(a); *Ex parte Turner*, 410 S.W.2d 639, 641 (Tex. Crim. App. 1967), there is no requirement that a defendant be appointed *new* counsel when his court-appointed counsel is dismissed after determining that his client's desired course of action has no merits or that a defendant be appointed appellate counsel under these circumstances. *Cf.* Tex. Code Crim. Proc. art. 1.051(d)(3) (indigent

---

³ Even if appellant had raised the issue of identity, the extradition paperwork in the record included a photograph of the person charged in New York, permitting verification of the fact that Wilkie is the exact person New York is seeking to extradite.

defendant is entitled to appointed attorney to represent him in appeal of habeas corpus proceeding if trial court concludes that interests of justice require representation). Appellant was afforded his statutory right to counsel, and the trial court did not err in refusing to appoint him new counsel after his prior counsel determined that there were no non-frivolous grounds for contesting the governor's warrant.[4] We overrule appellant's issues concerning his right to counsel.[5]

## CONCLUSION

We affirm the district court's denial of habeas corpus relief.

_____

David Puryear, Justice

Before Justices Puryear, Pemberton, and Bourland

Affirmed

Filed: July 26, 2016

Do Not Publish

---

[4] As noted in the background section, while the trial court did not "appoint" new counsel for appellant, it did make an attorney available to him for consultation during the writ hearing, but appellant did not avail himself of the assistance of this attorney.

[5] We also overrule appellant's related issue contending that he was rendered ineffective assistance of counsel because his counsel "refused to file" a writ of habeas corpus and "did not show up to 3 court dates." Because we have determined that the governor's warrant was regular on its face and appellant presented no evidence to rebut the State's prima facie case, these omissions by appellant's counsel did not constitute ineffective assistance of counsel or harm appellant as a matter of law. *See Hernandez v. State*, 726 S.W.2d 53, 55 (Tex. Crim. App. 1986) (en banc) (to prove ineffective assistance of counsel, defendant must show that there is reasonable probability that, but for counsel's unprofessional errors, result of proceeding would have been different).