**Ex parte John Hershel WIGGINS.**

**No. 41571.**

Court of Criminal Appeals of Texas.

Nov. 13, 1968.

As Amended on Denial of Rehearing
Jan. 8, 1969.

Holcomb & Norwood, by Weldon Holcomb, Tyler, for appellant.

Hunter B. Brush, Dist. Atty., Bill Power, Asst. Dist. Atty., Tyler, and Leon B.

Douglas, State's Atty., Austin, for the State.

OPINION

MORRISON, Judge.

This is an appeal from an order entered in a habeas corpus proceeding in the 114th District Court of Smith County remanding the relator to custody for extradition to the State of Oregon.

At the hearing, the State introduced into evidence the executive warrant of the Governor of Texas, regular on its face, which made out a prima facie case authorizing extradition.

Relator offered in evidence of "information of felony" and warrant of arrest executed in the County of Klamath, State of Oregon.

There was considerable conversation between the attorneys as to whether relator's counsel had been furnished copies of the accompanying papers, but no further testimony was offered.

■ Relator is in no position to complain because before the hearing was concluded, the State's counsel offered to postpone the hearing and offered to join in a request for a continuance so that relator's counsel might be provided with copies of all instruments in the State's possession in connection with the case. Furthermore, relator filed no motion for continuance and announced ready when the court called the hearing to order. Ex parte Tucker, 168 Tex.Cr.R. 286, 324 S.W.2d 853, relied on by relator, is not applicable here because in Tucker we made it clear that the error lay in the court's refusal to grant a requested continuance.

■ Relator's second ground of error appears to be that no demand from the Governor of the State of Oregon appears in the record. This Court has held, in Ex parte Parkinson, 160 Tex.Cr.R. 369, 271 S.W.2d 638, that where the requisition of the Governor of the demanding state was not in evidence that the prima facie case made out by the introduction of the executive warrant, regular on its face, of the Governor of this State had been established and that extradition was authorized.

His last contention is that since the instrument which he introduced was titled "Information of Felony", relator is wanted by the State of Oregon to answer to a felony charge of "failure to provide support for minor children". And since there

is no showing in this record that a felony may be instituted in the State of Orgeon by an information, the executive warrant is not sufficiently supported.

■ The laws of Oregon are presumed to be the same as the laws of Texas in the absence of proof to the contrary appearing in the record. The offense of failing to support minor children, first offense, set out in Art. 602, Vernon's Ann. P.C., is a misdemeanor in Texas. The affidavit does not show that relator is wanted for prosecution as a second offender in Oregon. The offense is therefore prosecutable by information; and under the state of the record in this case, extradition is authorized.

The judgment is affirmed.