**Ex parte L. E. MACH.**

**No. 42513.**

Court of Criminal Appeals of Texas.

Oct. 29, 1969.

Rehearing Denied Dec. 10, 1969.

Fred Fick, Fort Worth, for appellant.

Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

### PER CURIAM.

This is an appeal from an order of Criminal District Court No. 2 of Tarrant County remanding appellant to the custody of the sheriff of said county for extradition to the State of Arkansas.

The record is before this Court without a transcription of the court reporter's notes or bills of exception. Nothing is presented for review.

The judgment is affirmed.

## OPINION ON APPELLANT'S MOTION FOR REHEARING

### ONION, Judge.

This is an appeal from an order entered in a habeas corpus proceeding remanding appellant to the custody of the sheriff of Tarrant County for extradition to the State of Arkansas.

On original submission this case was affirmed, the Court noting that the record was before us without a transcription of the court reporter's notes or bills of exception.

Since the filing of appellant's motion for rehearing complaining of the failure of the district clerk to forward the timely presented transcription of the court reporter's notes, the same has been received by this Court and shall be considered.

At the habeas corpus proceedings at which appellant was represented by counsel, the Executive Warrant of the Governor of this State, regular on its face, was introduced. It was agreed and stipulated that laws of the State of Arkansas permit the prosecution of the offense charged (fraudulent sale of securities) upon an information. Copies of such laws were introduced. Thereafter the State rested its case. The appellant did not testify but offered the requisition, application for requisition, information, supporting affidavit, warrant and other supporting papers.

■ It is well established that the introduction of the Warrant of the Governor of Texas, regular on its face, is sufficient to make a prima facie case authorizing extradition of the person named therein. Ex parte Kronhaus, Tex.Cr.App., 410 S.W.2d 442; Ex parte Juarez, Tex.Cr.App., 410 S.W.2d 444; Ex parte Tine, Tex.Cr.App., 432 S.W.2d 77; Ex parte Wiggins, Tex.Cr.App., 435 S.W.2d 517.

■ Once such Governor's Warrant alone is placed in evidence then the burden is upon the person named therein to overcome the prima facie proof of the existence of every fact which the Texas Governor was obliged to determine before issuing the extradition warrant. Ex parte Fant, Tex.Cr.App., 400 S.W.2d 332. See also 25 Tex.Jur.2d, Extradition, Sec. 31, pp. 182–183.

■ The State clearly established a prima facie case by introduction of the Governor's Warrant, and we find nothing in the supporting papers introduced by the appellant which would defeat such a prima facie case. Further, the appellant has filed no brief herein calling our attention to anything in the record which would overcome such prima facie case or which would prevent extradition.

The proceedings appearing to be regular, appellant's motion for rehearing is overruled.