**Ex parte Eddie L. BROWN.**

**No. 42770.**

Court of Criminal Appeals of Texas.

Feb. 18, 1970.

**648**

Garland G. Wier, San Antonio, for appellant.

Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ONION, Judge.

This is an appeal from an order entered in a habeas corpus proceeding in the 186th District Court of Bexar County remanding appellant to custody for extradition to the State of Missouri. He is alleged to have violated the conditions of his parole and extradition is sought under Article 51.13, Sec. 3, Vernon's Ann.C.C.P.

Initially, appellant contends the trial court erred in considering as a basis for its ruling extraneous matter which was neither offered nor admitted into evidence.

Appellant advances the claim that State's Exhibit No. 2 consisted solely of the Executive Warrant of the Governor of Texas and that the Requisition of the Governor of Missouri and other supporting papers were not a part of such exhibit, were never introduced and should have not been considered by the trial court. This claim is bottomed on the fact that when the prosecutor asked the court reporter to mark the exhibit for identification he referred to the as as "this warrant, * * * this document." We cannot agree. Shortly after the commencement of the hearing the record reflects the following:

"THE COURT: Nobody has ever bothered to offer the Governor's Warrant or papers in evidence, would you like to have these marked for identification?"

It appears that thereafter appellant's trial counsel was given an opportunity to examine such warrant and supporting papers. He then made lengthy objections to State's Exhibit No. 2 referring not only to the Executive Warrant on page 1 of said exhibit, but to the requisition of the Mis-

souri Governor on page 2 thereof as well as other supporting papers in the exhibit. The Executive Warrant and supporting papers are in the record before us firmly stapled together and clearly marked with the court reporter's label marked State's Exhibit No. 2. Appellant's able court appointed counsel on appeal admits the original exhibit had been forwarded to this Court prior to his appointment. Appellant's first contention is overruled.

Next, appellant contends "[t]he court committed reversible error in its ruling and judgment because the Governor's Warrant introduced into evidence is not regular on its face, could not shift the burden of proof, nor make a prima facie case."

He further contends "[t]he court committed reversible error because the Governor's Warrant showed Relator to be charged in the State of Missouri with Burglary Second Degree Reduced to Malicious Destruction of Property, which is not an offense in the State of Texas, and there was no showing as to the laws of Missouri. The Relator was not, therefore, substantially charged in the demanding State of crime under laws of that State."

■ It is well established law that the introduction of the Warrant of the Governor of Texas, regular on its face, is sufficient to make a prima facie case authorizing extradition of the person named therein. Ex parte Mach, Tex.Cr.App., 448 S. W.2d 126; Ex parte Wiggins, Tex.Cr. App., 435 S.W.2d 517; Ex parte Tine, Tex.Cr.App., 432 S.W.2d 77; Ex parte Kronhaus, Tex.Cr.App., 410 S.W.2d 442; Ex parte Juarez, Tex.Cr.App., 410 S.W.2d 444.

■ Once such Governor's Warrant alone is placed in evidence then the burden is upon the person named therein to overcome the prima facie proof of the existence of every fact which the Texas Governor was obliged to determine before issuing the extradition warrant. Ex parte Mach, supra; Ex parte Fant, Tex.Cr.App., 400 S.W.2d 332. See also 25 Tex.Jur.2d, Extradition, Sec. 31, pp. 182–183.

■ Although a prima facie case may be established by the introduction of the Governor's Warrant, regular on its face, such prima facie case may be defeated by the supporting papers regardless of which party may have introduced the supporting papers. It may likewise be supported by the introduction of such papers.

■ The Governor's Warrant in the case at bar reflects appellant "stands convicted" not charged "of the crime of Burglary Second Degree Reduced to Malicious Destruction of Property." It reflects that there is a judgment of conviction, that appellant violated his terms of parole, that parole was revoked and a warrant issued. The supporting papers, including copies of the applicable Missouri law, clearly support the recitals in the Governor's Warrant.

The appellant offered no evidence.

In addition to being convicted rather than charged and wanted for violation of parole, the case at bar is distinguishable from Ex parte Juarez, Tex.Cr.App., 410 S.W.2d 444; Ex parte Burns, 167 Tex.Cr. R. 533, 322 S.W.2d 289 and Ex parte Brunner, Tex.Cr.App., 396 S.W.2d 125, for here there was a showing of the laws of the demanding state.

We deem the evidence sufficient to support the extradition of a convicted fugitive accused of breaking the conditions of his parole. See Ex parte Gray, Tex.Cr.App., 426 S.W.2d 241; Ex parte Pfouts, Tex. Cr.App., 383 S.W.2d 598.

The judgment is affirmed.

MORRISON, J., not participating.