**Ex parte Carl Edward LANCASTER.**

**No. 47547.**

Court of Criminal Appeals of Texas.

Dec. 5, 1973.

Calvin A. Hartman, Houston, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough, Asst. Dist. Atty., Houston, Jim D. Vollers, State's Atty., and Buddy Stevens, Asst. State's Atty., Austin, for the State.

OPINION

DAVIS, Commissioner.

Appeal is taken from an order entered in a habeas corpus proceeding, remanding appellant to custody for extradition to the State of Ohio.

At the hearing the State introduced into evidence the Executive Warrant of the Governor of this State. The warrant recites that the appellant "stands charged by indictment & warrant before the proper authorities with the crime of carrying concealed weapon . . ."

The Executive Warrant of the Governor of Texas, which appears regular on its face, made out a prima facie case authorizing remand of appellant to custody for extradition. Ex parte Larson, Tex.Cr. App., 494 S.W.2d 179; Ex parte Gideon, Tex.Cr.App., 493 S.W.2d 156; Ex parte Jackson, Tex.Cr.App., 470 S.W.2d 679; Ex parte Rhodes, Tex.Cr.App., 467 S.W.2d 425; Ex parte Slavin, Tex.Cr.App., 461 S. W.2d 421.

Appellant contends the court erred in remanding him to custody for extradition in

that there was a variance between the Governor's Warrant and the supporting papers.

After the State introduced the Executive Warrant and a certified copy of the Ohio statute allegedly violated, appellant offered the supporting papers into evidence. The indictment and the request for interstate rendition from the Governor of Ohio reflect that appellant was charged with the crime of carrying a concealed weapon; however, the "Warrant to Arrest on Indictment" recites that an indictment was found by the grand jury against appellant for:

"Carrying concealed weapon
Failing to appear for sentence 8/8/72
Jumping Bond."

Although a prima facie case may be established by the introduction of the Governor's Warrant, regular on its face, such prima facie case may be defeated by the supporting papers. It may likewise be supported by the introduction of such papers. Ex parte Brown, Tex.Cr.App., 450 S.W.2d 647.

Appellant argues that while the Executive Warrant of the Governor of Texas reflects that appellant stands charged by indictment with a crime the "Warrant to Arrest on Indictment" in the supporting papers shows that appellant has been convicted and there is no copy of the judgment of conviction in the supporting papers. Appellant urges that the Governor of Texas cannot elect what he wishes to place in the Executive Warrant to authorize arrest.

In Ex parte Fraga-Buendia, Tex.Cr. App., 433 S.W.2d 695, the Executive Warrant of this State was based on a "charge by indictment." The foreign demand was similarly based, and it was accompanied by a copy of the indictment. The supporting papers reflected that appellant had been convicted of the same crime, and alleged

that probation had been violated. In upholding the extradition, this court said:

"The sole question we are called upon to decide is whether appellant was properly remanded to custody for extradition to answer the indictment against him in the felony case where sentence has not been imposed.

" . . .

"We hold that the prima facie case for extradition made by admission in evidence of the Executive Warrant issued by the Governor of Texas, regular on its face, was not defeated by the demand and supporting documents offered in evidence by the respondent."

Appellant urges that the instant case can be distinguished from *Fraga-Buendia* by virtue of the fact that in *Fraga-Buendia* the supporting papers included a judgment of conviction setting forth conditions of probation and an order revoking probation.

Patently, a greater variance exists in *Fraga-Buendia* where the Executive Warrant of this State was based on a "charge by indictment" and the supporting papers reflected a conviction. In the instant case the only variance occurs in the "Warrant to Arrest on Indictment" which in addition to showing the offense of "carrying concealed weapon" also recites "Failing to appear for sentence 8/8/72" and "Jumping Bond." These statements do not disprove any fact essential to the Executive Warrant of this State. Article 51.-13, Section 3, Vernon's Ann.C.C.P. (Uniform Criminal Extradition Act) authorizes extradition based upon indictment.

The prima facie case established by the introduction of the Governor's Warrant of this State was not defeated by the introduction of the supporting papers to the appellant.

The judgment is affirmed.

Opinion approved by the Court.