ACCEPTED
03-15-00012-CR
4663071
THIRD COURT OF APPEALS
AUSTIN, TEXAS
3/26/2015 4:37:32 PM
JEFFREY D. KYLE
CLERK

No. 03—15—00012—CR

IN THE TEXAS COURT OF APPEALS
THIRD DISTRICT
AT AUSTIN

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
3/26/2015 4:37:32 PM
JEFFREY D. KYLE
Clerk

## EX PARTE TREVINO DARNELL FOX

Appeal from Cause Number D-1-DC—14—100177
331st Judicial District Court, Austin, Travis County, Texas
Honorable David Crain, Judge Presiding

## APPELLANT'S BRIEF

TO THE HONORABLE THIRD COURT OF APPEALS:

Comes now Appellant Trevino Darnell Fox, by and through his appointed counsel Paul M. Evans, and files this, his Appellant's Brief, in compliance with the Texas Rules of Appellate Procedure.

**APPELLANT HEREBY REQUESTS ORAL ARGUMENT.**

Respectfully submitted,

___/s/ Paul M. Evans_____
Paul M. Evans
Attorney for Appellant
811 Nueces Street
Austin, Texas 78701
(512) 569-1418
(512) 692-8002 FAX
paulmatthewevans@hotmail.com
SBN 24038885

1

## Identities of the Parties and Counsel

| | |
|---|---|
| Presiding Judge: | Honorable David Crain |
| | Honorable Magistrate Leon Grizzard |
| Appellant: | Trevino Darnell Fox |
| Trial Counsel: | Paul M. Evans<br>811 Nueces Street<br>Austin, Texas 78701 |
| | Alexandra Gauthier<br>505 W. 12th Street, Ste. 204<br>Austin, TX 78701 |
| Appellate Counsel: | Paul M. Evans<br>811 Nueces Street<br>Austin, Texas 78701 |
| Appellee: | State of Texas |
| Trial Counsel: | Dayna Blazey<br>Assistant District Attorney<br>Travis County District Attorney<br>P.O. Box 1748<br>Austin, Texas 78767 |
| Lead Appellate Counsel: | Rosemary Lehmberg<br>District Attorney<br>c/o Appellate Division<br>Travis County District Attorney<br>P.O. Box 1748<br>Austin, Texas 78767 |

# **Table of Contents**

Identity of Parties and Counsel                                          2

Table of Contents                                                       3

Index of Authorities                                                    4

Statement of the Case                                                   5

Issue Presented                                                         6

Statement of Facts                                                      6

Summary of Arguments                                                   12

Issue Number One—The trial court abused its discretion by denying       12
Appellant's application for writ of habeas corpus.

Prayer                                                                 15

Certificate of Service                                                 16

Certificate of Compliance                                              16

# Index of Authorities

## Federal Cases

*California v. Superior Court*, 482 U.S. 400 (1987)………………………13

*Michigan v. Doran*, 439 U.S. 282 (1978)…………………………..13-14

*New Mexico ex rel. Ortiz v. Reed*, 524 U.S. 151 (1998)……………....….13

## Texas State Statutes

Government Code § 54.976…………………………………………...….4

## Texas Cases

*Ex parte Brown*, 450 S.W.2d 647 (Tex.Crim.App. 1970)……………..….14

*Ex parte Cain,* 592 S.W.2d 359 (Tex.Crim.App. 1980)…………...….14-15

*Ex parte Chapman*, 601 S.W.2d 380 (Tex.Crim.App. 1980)……………14

*Ibarra v. State*, 961 S.W.2d 415 (Tex.App.—Houston [1st Dist.] 1997, no pet.)…………………………………………………………….14

*State ex rel. Holmes v. Klevenhagen*, 819 S.W.2d 539 (Tex.Crim. App. 1991)………...……………………………………………….….13

*Kniatt v. State*, 206 S.W.3d 657 (Tex.Crim.App. 2006)…………….....…14

*Ex parte Lancaster*, 501 S.W.2d 904 (Tex.Crim.App. 1973)………….....14

*Ex parte Lekavich*, 145 S.W.3d 699 (Tex.App.—Ft. Worth 2004, no pet.)………………………………………………………….….13

*Ex parte Sanchez*, 642 S.W.2d 809 (Tex.Crim.App. 1982)………........14-15

*Washington v. State*, 326 S.W.3d 701 (Tex.App.—Houston [1st Dist.] 2010, no pet.)……………………………………………………………14

**Statement of the Case**

On October 21, 2014, Governor Terry E. Branstad of the State of Iowa submitted to the Governor's Office of the State of Texas a request for interstate rendition for Appellant, Trevino Darnell Fox. On October 31, 2014, Governor Rick Perry issued a Texas Governor's warrant to extradite Appellant from Texas to Iowa. The warrant was forwarded to the Sheriff of Travis County, where Appellant was being held in custody. **RR3** SX #1; **CR1** 7-8, 10.[1] Through appointed counsel,[2] Appellant filed a "Petition for Writ of Habeas Corpus—Extradition Proceedings." **CR1** 3-141. On December 17, 2014, the Honorable Leon Grizzard, District Court Magistrate for Travis County, entertained a hearing on the application and denied the requested relief. The trial court adopted the findings, conclusions, and recommendations of the magistrate. **RR2** 4-11; **CR1** 142-3; *see* Tex. Gov't. Code § 54.976(a)(4). Appellant filed timely notice of appeal. **CR1** 144. This appeal follows from the denial of habeas relief.

---

[1] Introduced into evidence as SX #1, the Governor's Warrant and supporting materials were also included in the Clerk's Record, appended to Appellant's petition for habeas relief as "Exhibit A." **RR2** 5-6; **RR3** SX #1; **CR1** 6-138. In the present Brief, for ease of reference, citations to specific matters found in the Governor's Warrant and supporting materials shall refer to the identical copy found in the Clerk's Record, which offers the benefit of numeric pagination.

[2] Appellant was originally represented by Alexandra Gauthier, who filed the "Petition for Writ of Habeas Corpus" on Appellant's behalf. The undersigned counsel was appointed to relieve Ms. Gauthier of her duties after she subsequently accepted employment as a magistrate in Williamson County. **RR2** 4.

**Issue Presented**

**Issue Number One—The trial court abused its discretion by denying Appellant's application for the writ of habeas corpus:** The supporting documentation provided to the Governor of Texas by the Governor of Iowa contained an inaccurate recital, namely, that Appellant was in the custody of the Milwaukee, Wisconsin police department at the time of the demand for requisition. The Governor's Warrant was therefore invalid. The trial court abused its discretion by denying Appellant's request for relief by way of an application for writ of habeas corpus.

**Statement of Facts**

On August 27, 2014, Appellant was arrested on unrelated matters in Travis County, Texas. A fugitive from justice detainer was filed against Appellant on September 3, 2014. **CR1** 3, 140-1. On October 21, 2014, Governor Terry E. Branstad of the State of Iowa submitted to the Governor's Office of the State of Texas a request for interstate rendition for Appellant, who stood charged with violating the terms of his probation after his conviction for "Possession of Marijuana with Intent to Deliver, Failure to Affix Drug Tax Stamp, Fa[il]ure to Appear—Voluntary Absence, [and] Failure to Appear for BEP / Assault D/A Causing Injury." **CR1** 10. In response to Goverer Branstad's requisition demand, Governor Rick Perry issued a governor's extradition warrant on October 31, 2014.

The warrant states the following:

> **TO ALL SHERIFFS AND OTHER PEACE OFFICERS OF THIS STATE:**
>
> **WHEREAS** it has been represented to me by the Governor of the State of **IOWA** that **TREVINO DARNELL FOX**, fugitive, stands **convicted** of the crime of **POSSESSION OF MARIJUANA WITH**

6

**INTENT TO DELIVER, FAILURE TO AFFIX DRUG TAX STAMP, FAILURE TO APPEAR-VOLUNTARY ABSENCE, FAILURE TO APPEAR FOR BEP I ASSAULT D/A CAUSING INJURY** committed in said State, and thereafter **violated the terms of his probation**, fled from the justice of that State, and has taken refuge in the State of Texas, and the said Governor of **IOWA** having, in pursuance of the Constitution and laws of the United States and of the State of Texas, demanded of me that I shall cause the said fugitive to be arrested and delivered to **SHERIFF TONY THOMPSON OR A DESIGNEE OF BLACKHAWK COUNTY**, hereby authorized to receive into custody and convey the fugitive back to said State; and

**WHEREAS** the said representation and demand is accompanied by a copy of the **INFORMATION, AFFIDAVIT, AND WARRANT** certified by the Governor of said State to be authentic, whereby the said fugitive is convicted of said crime;

**THEREFORE**, I, **Rick Perry**, Governor of Texas, by this warrant command you to arrest and secure the said fugitive, wherever he may be found within this State, and to deliver said fugitive into the custody of said agent(s), to be taken back to said State from which he fled, pursuant to the said requisition, there to be dealt with according to law.

**CR1** 8 (emphasis in original).

The supporting materials on record include the request for requisition submitted by the local prosecuting authority to the Governor of Iowa. This request is accompanied by an affidavit by a probation officer, along with attached supporting documents incorporated by reference. **CR1** 12-136. The request addressed to the Governor of Iowa—sworn to by Kim Griffith, Prosecuting Attorney—recites the following:

Pursuant to the Iowa Code Section 820.23, I hereby request issuance of a requisition for the extradition of <u>Trevino Darnell Fox</u> who stands convicted of the crime(s) of:

FECR145468: Ct. I: Possession of Marijuana With Intent to Deliver, and
Ct. II: Failure to Affix Drug Tax Stamp;
FECR165748: Failure to Appear-Voluntary Absence;
SRCR116395: Failure to Appear for BEP I Assault D/A Causing Injury

by final judgment and sentence of the First Judicial District, Court of Black Hawk County, State of Iowa, but who since conviction and release on probation, as more fully appears in the attached judgment /sentence /order, failed to abide by probation, as appears from the attached:

Sentencing Order(s), Probation Violation Report; and Warrant(s) for Arrest; and who is now a fugitive from justice, known to be in the city of Austin county of Travis, State of Texas. The ends of justice require that the fugitive be returned to Iowa.

In my opinion, the facts stated in the attached Probation Violation Report are true and correct and would result in revocation of probation.

I nominate Sheriff Tony Thompson or Designee to be appointed agent( s) to bring the fugitive back to Iowa and I certify that these proposed agent(s) have not private interest in the arrest and return to Iowa of his fugitive. This application for requisition is not made to enforce a private claim.

**CR1** 12. In turn, this sworn request is supported by an affidavit, dated September 30, 2014, which recites the following:

I, Nick McGivern, being duly sworn, state that I am a Probation / Parole Officer II in Black Hawk County, Waterloo Iowa. In my official investigation, I have determined that the approximate

8

circumstances surrounding the commission of the offense charged in this case are as follows:

> Report of Violation of Probation. The Defendant is in the custody of the Milwaukee County, Milwaukee Wisconsin Police Department.
>
> The following supporting documents are attached and incorporated by this reference:
>
> **Probation Violation Report, a certified copy of which is attached.**
> **Warrant for Arrest, a certified copy of which is attached.**
> **Judgment I Sentencing Order, a certified copy of which is attached.**
>
> The following material identifying the Defendant is attached and incorporated by this reference:
>
> **XX** Fingerprint card (copy)
> **XX** Photograph
> ___Physical Description of Defendant
> ___No Identification Material Available

**CR1** 13 (emphasis in original).

With regards to the charge of Possession of Marijuana With Intent to Deliver, the supporting documentation incorporated by reference includes the following: the trial information, supplemental trial information, the sentence, a violation report, an order for warrant and addendum, a revocation order, another violation report, an arrest warrant, and an order for warrant, all filed in the matter of *State v. Trevino Fox*, cause number FECR145468, Black Hawk County, Iowa. **CR1** 14-32. With regards to the offense of Assault Domestic Abuse Causing

Injury, the supporting documentation includes the following: the trial information, the judgment and sentence, an order for warrant, a probation violation and addendum, an arrest warrant and addendum, an order for "PPV" warrant and addendum, an order modifying probation, an order for warrant, and an arrest warrant, all filed in the matter of *State v. Trevino Fox*, cause number SRCR116395, Black Hawk County, Iowa. **CR1** 33-52. With regards to the offense of Failure to Appear—Voluntary Absence, the supporting documentation includes a complaint and arrest warrant, filed in the matter of *State v. Trevino Fox*, cause number FECR165748, Black Hawk County, Iowa. **CR1** 53-5.

The supporting documentation also includes the following items: a fingerprint card, purportedly verified on September 16, 2014, by a custodian of records for the Iowa Department of Public Safety, Division of Criminal Investigation, Bureau of Identification; an "Arrest History," twenty-three pages in length, apparently compiled by the Black Hawk County Sheriff's Office; and printouts of applicable sections of the Iowa Code that pertain to Appellant's underlying offenses. **CR1** 56-136.

In his "Petition for Writ of Habeas Corpus," Appellant alleged in part: "The authenticity of the supporting documents cannot be supported by the Secretary of State's certificate which purports to certify the required documentation under Chapter 51 of the Texas Code of Criminal Procedure, Section 3[, as] there is no

information or back up documents pertaining to the presence of Applicant. [*sic*]" The "Petition" then noted the faulty recitation from Nick McGivern's affidavit, "The Defendant is in the custody of the Milwaukee County, Milwaukee Wisconsin Police Department." **CR1** 3.

At the hearing before the District Court magistrate, the State introduced the Governor's Warrant—"as issued by the governor of the State of Illinois [*sic*] and the governor of the State of Texas"—and accompanying exhibits into evidence. **RR2** 5-6; **RR3** SX #1. The magistrate made a preliminary observation to the effect that the documentation "appear[ed] regular on its face." **RR2** 6. Trial counsel objected to the faulty sworn recitation by Nick McGivern—set out above in full— to the effect that Appellant was "in the custody of the Milwaukee County, Milwaukee Wisconsin Police Department." Trial counsel argued that this recital ran contrary to the fundamental requirement that a fugitive must be in the state to which the extradition request is directed towards, and he requested relief on this basis. **RR2** 6-7; *see* **CR1** 13. In response, the State argued that this recital constituted "an inadvertent clerical error" and was "superfluous." **RR2** 8-9. In response to some discussion by the State and the magistrate, trial counsel clarified that his objection went to the accuracy of the documentation itself, and that Appellant was not mounting a challenge om the issue of identity. Trial counsel conceded that the inaccurate recital in question was in all likelihood a "clerical

11

error," but he argued there was "no evidence to support that." **RR2** 8-10. Overruling trial counsel's objection, the magistrate found the extradition papers to be in order, denied habeas relief to Appellant, and ordered his return to the State of Iowa. **RR2** 10-11. The following day, the trial court approved the findings and recommendations of the magistrate. **CR1** 142-3. Appellant filed timely notice of appeal. **CR1** 144. This appeal follows from the denial of habeas relief.

## Summary of Arguments

The supporting documentation provided to the Governor of Texas by the Governor of Iowa contained an inaccurate recital, namely, that Appellant was in the custody of the Milwaukee, Wisconsin police department at the time of the demand for requisition. The Governor's Warrant was therefore invalid. The trial court abused its discretion by denying Appellant's request for relief by way of an application for writ of habeas corpus.

## Issue Number One
### The trial court abused its discretion by denying Appellant's application for writ of habeas corpus.

At the hearing on the application for writ of habeas corpus, Appellant met his burden of establishing by a preponderance of the evidence that the documentation in support of the Governor's Warrant contained an inaccurate recital. It is undisputed that Appellant was not in the custody of the Milwaukee,

12

Wisconsin police department at the time of the demand for requisition. The Governor's Warrant was therefore invalid. The trial court abused its discretion by denying Appellant's request for relief by way of an application for writ of habeas corpus.

In conducting an extradition hearing, a trial court in the asylum state may do no more than determine whether the requisites of the Uniform Criminal Extradition Act have been met. *New Mexico ex rel. Ortiz v. Reed*, 524 U.S. 151, 153-5 (1998); *California v. Superior Court of California*, 482 U.S. 400, 408 (1987). A governor's warrant that is regular on its face is prima facie evidence that the requirements for extradition have been met. *Ex parte Lekavich*, 145 S.W.3d 699, 701 (Tex.App.— Ft. Worth 2004, no pet.). Once the governor of an asylum state grants extradition, a court considering release on habeas corpus can consider only the following: (1) whether the extradition documents on their face are in order; (2) whether the petitioner has been charged with a crime in the demanding state; (3) whether the petitioner is the person named in the request for extradition; and (4) whether the petitioner is a fugitive. *Michigan v. Doran*, 439 U.S. 282, 289 (1978); *State ex rel. Holmes v. Klevenhagen*, 819 S.W.2d 539, 542-3 (Tex.Crim.App. 1991); *Ex parte Lekavich,* 145 S.W.3d at 700. Once the governor's warrant, regular on its face, is introduced into evidence, the burden shifts to the accused to show the warrant was not legally issued, was not based on proper authority, or contains inaccurate

recitals. *Ex parte Cain*, 592 S.W.2d 359, 362 (Tex.Crim.App. 1980); *Ibarra v. State*, 961 S.W.2d 415, 417 (Tex.App.—Houston [1st Dist.] 1997, no pet.).

The only appropriate vehicle for challenging arrest pursuant to a governor's extradition warrant is through the filing of an application for writ of habeas corpus. *Ex parte Chapman*, 601 S.W.2d 380, 382-3 (Tex.Crim.App. 1980). A petitioner may contest his extradition in a writ of habeas corpus on the basis of any of the four issues identified by the Supreme Court in *Doran. Ex parte Sanchez*, 642 S.W.2d 809, 811 (Tex.Crim.App. 1982). The petitioner bears the burden to prove he is entitled to the relief he seeks by a preponderance of the evidence. *Kniatt v. State*, 206 S.W.3d 657, 664 (Tex.Crim.App. 2006). "A prima facie case can be defeated or supported by the supporting papers introduced, regardless of which party may have offered the supporting papers into evidence." *Cain*, 592 S.W.2d at 362, *citing Ex parte Lancaster*, 501 S.W.2d 904 (Tex.Crim.App. 1973); *Ex parte Brown*, 450 S.W.2d 647 (Tex.Crim.App. 1970).

The trial court's ruling on a pretrial writ of habeas corpus is subject to review for abuse of discretion. *Kniatt*, 206 S.W.3d at 664; *Washington v. State*, 326 S.W.3d 701, 704 (Tex.App.—Houston [1st Dist.] 2010, no pet.). In conducting this review, the facts are viewed in the light most favorable to the trial court's ruling. *See Kniatt*, 206 S.W.3d at 664; *Washington*, 326 S.W.3d at 704. If the documents from the demanding state do not meet the requirements of the Uniform Criminal

Extradition Act, the warrant should not issue and the applicant is entitled to a discharge. *Sanchez*, 642 S.W.2d at 811.

In the instant cause, Appellant objected to the inaccurate recital contained in the affidavit of Nick McGivern: "The Defendant is in the custody of the Milwaukee County, Milwaukee Wisconsin Police Department." **CR1** 13. This recital "served to defeat the prima facie case established by the Governor's Warrant." *Ex parte Cain*, 592 S.W.2d at 362. Appellant has met his burden and proven by a preponderance of the evidence that he was entitled to relief. The trial court abused its discretion by denying the application for writ of habeas corpus.

### PRAYER

WHEREFORE, PREMISES CONSIDERED, for the reasons stated above, Appellant prays that this Court find the judgment of the trial court to have been in error, and that this Court reverse the judgment of the trial court and order the immediate discharge of Appellant. Appellant prays for any and all other general relief to which he may be entitled.

Respectfully submitted,

__/s/ Paul M. Evans_____
Paul M. Evans
811 Nueces Street
Austin, Texas 78701
(512) 569-1418
(512) 692-8002 FAX
SBN 24038885
paulmatthewevans@hotmail.com

15

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing Appellant's Brief was delivered by e-service facsimile to the office of the District Attorney of Travis County—mailing address P.O. Box 1748, Austin, TX 78767, physical address 509 W. 11th Street, Austin, TX 78701—on the 25th day of March, 2015.

\_\_\_/s/ Paul M. Evans_____

Paul M. Evans

## CERTIFICATE OF COMPLIANCE

Relying on the Microsoft Word 97-2003 Document word count utility, I hereby certify that the present document contains 2,277 words, counting all contents specifically delineated for inclusion in the applicable word count under Tex. Rule App. Proc. § 9.4(i)(1).

\_\_\_/s/ Paul M. Evans_____

Paul M. Evans